*M. E. O'Neal,* for plaintiff in error.

*D. R. Bryan, R. G. Hartsfield,* contra.

---

17992.   FULTON BAKERY INCORPORATED *v.* WILLIAMS.

STEPHENS, J.  1. · In a suit by a servant against a master to recover damages for personal injuries, alleged to have been received, either as a result of a defect in the machinery which the plaintiff was operating or in obeying a negligent order of the defendant as respects the plaintiff's operation of the machine, it is error, prejudicial to the defendant, to charge that "the law requires employers to furnish employees machinery that is reasonably suited and adapted to the use intended." The duty here resting upon the master is to furnish machinery reasonably safe for all persons who operate it with ordinary care and diligence.  Civil Code (1910), § 3130.

2. This being a case to which section 16 of the workmen's compensation act (Ga. L. 1920, p. 177) is applicable, a charge of the court that if the defendant instructed the plaintiff in the manner in which the plaintiff should operate the machine, and that if the plaintiff, in attempting to comply with the order of the defendant, fell and was injured by a moving blade attached to the machine, and that if the injury was a result of a defect in the machinery and of a negligent command of the defendant, the plaintiff could recover for the injuries thus received, was an instruction that the plaintiff could recover if the command of the defendant was a negligent one.  It is a complete and correct statement of the law, and the charge is not error because the court did not in connection therewith instruct the jury as to what would constitute a negligent command.

3. Where there is a physical deformity, such as loss of fingers, mental pain and suffering may result therefrom.  In a suit for damages, where the plaintiff alleges mental pain and suffering resulting from such loss, a charge submitting such an issue to the jury. is not objectionable upon the ground that it is not authorized by the evidence.

4. The court erred in not giving the following charge, which was timely requested in writing by the defendant:  "There is no negligence in the construction of machinery which, when properly used in the ordinary manner, is safe under all conditions which will probably arise in any

---

Damages, 17 C. J. p. 1075, n. 8.

Master and Servant, 39 C. J. p. 1227, n. 46; p. 1228, n. 53; p. 1230, n. 55.

Trial, 38 Cyc. p. 1598, n. 26 New.  ·

and every instance of such use. Hence, although it may have a defect, yet, if that defect be one which does not interfere with its safe and proper use with reference to the purpose for which it was constructed, an injury to the employee's hand while accidentally in contact with the defective part of the machinery, but which was very unlikely to occur, can not be attributed to negligence on the part of the company in the construction of the machinery."

Judgment reversed. Jenkins, P. J., and Bell, J., concur.

DECIDED MARCH 3, 1928.

Damages; from Fulton superior court—Judge Humphries. January 15, 1927.

*Jones, Evins, Moore & Powers,* for plaintiff in error.

*W. C. Munday, G. H. Cornwell,* contra.