41888. STRICKLAND v. THONI OIL MAGIC BENZOL GAS STATIONS, INC.

JORDAN, Judge. This was a negligence action brought by an employee against his employer which had exercised its right to reject the provisions of the Workmen's Compensation Act. The evidence adduced on the trial of this case disclosed that the plaintiff was injured while on duty as an attendant at the defendant's gasoline service station when one of the defendant's customers backed his vehicle into the plaintiff while he was servicing another vehicle. A mistrial was declared

upon the jury being unable to reach a verdict and the defendant moved for a judgment in its favor notwithstanding the mistrial in accordance with its previous motion for a directed verdict. This motion was granted and the appeal is from that judgment. *Held:*

While an employer who has exercised his right to reject the provisions of the Workmen's Compensation Act may not defend a damage suit brought by an employee who would otherwise be subject to the Act on the grounds that the employee was negligent or that the injury was caused by the negligence of a fellow servant or that the employee had assumed the risk of the injury, the burden of proof in such action is still on the plaintiff employee to show that his injuries were proximately caused at least in part by the negligent or other tortious conduct of his employer. *Code Ann.* § 114-204; *Fulton Bakery, Inc. v. Williams,* 37 Ga. App. 780 (141 SE 922).

The evidence in this case did not authorize a finding that the defendant was responsible in any way for the act of its customer in injuring the plaintiff or that it had breached any duty owed to him. A verdict for the defendant was therefore demanded and the judgment of the trial court granting the defendant's motion for judgment notwithstanding the mistrial was not erroneous for any reasons enumerated.

*Judgment affirmed. Bell, P. J., and Eberhardt, J., concur.*

ARGUED APRIL 4, 1966—DECIDED APRIL 20, 1966—
REHEARING DENIED MAY 11, 1966.

*Oze R. Horton,* for appellant.

*Wallace, Wallace & Driebe, Albert B. Wallace, Charles J. Driebe,* for appellee.